IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAKENYA K. MONFORT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INFLECTION RISK SOLUTIONS, LLC, )<br>and AIRBNB, INC., )<br>)<br>Defendant. ) | CIVIL ACTION FILE NO.<br>_____ |

## COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8, Plaintiff LaKenya K. Monfort respectfully shows the Court the following:

Parties, Jurisdiction and Venue

1. Ms. Monfort is an individual and a resident of the State of Georgia.

2. Defendant Inflection Risk Solutions, LLC ("Inflection") is a limited liability company organized and existing under the laws of the State of Nevada. Inflection is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-11-91 and may be served with process by serving its registered agent, C.T. Corporation System at 701 S. Carson Street, Suite 200, Carson City, Nevada 89701.

3. Defendant Airbnb, Inc. ("Airbnb") is a corporation organized and existing under the laws of the State of Delaware. Airbnb is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-11-91 and may be served with

1

process by serving its registered agent The Corporation Service Company at 251 Little Falls Drive, Wilmington, Delaware 19808.

4. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq.*

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and this Division pursuant to Local Rule 3.1B(3).

## Factual Background

6. Ms. Monfort is a "consumer" under 15 U.S.C. § 1681a(c).

7. Inflection is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

8. Inflection provides, *inter alia*, background screening services, *i.e.* background check reports, to customers under the FCRA. The reports that Inflection provides to its customers are consumer reports under 15 U.S.C. § 1681a(d)(1).

9. In 2019, Ms. Monfort became an Airbnb host.

10. From 2019 to 2021, Ms. Monfort served as an Airbnb host.

11. In 2021, Ms. Monfort decided to discontinue serving as an Airbnb host. She called Airbnb and informed the customer service representative with

whom she spoke that she would no longer serve as an Airbnb host and that her listing on Airbnb's website should be taken down. The customer service representative with whom she spoke confirmed the foregoing. From that point forward, Airbnb did not have a permissible purpose to obtain a consumer report regarding Ms. Monfort.

12. Four years later, in March 2025, Airbnb obtained a background check report regarding Ms. Monfort from Inflection. That background check report was a consumer report under the FCRA.

13. At the time, Airbnb did not have a permissible purpose to obtain a consumer report regarding Ms. Monfort because Ms. Monfort was no longer serving as an Airbnb host. And, for the same reason, Inflection did not have a permissible purpose to provide a consumer report regarding Ms. Monfort to Airbnb.

14. As a result of the actions described in the previous paragraph, Inflection violated 15 U.S.C. § 1681b(a), and Airbnb violated 15 U.S.C. § 1681b(f).

15. Furthermore, Inflection allowed Airbnb to impermissibly obtain a consumer report regarding Ms. Monfort only because it failed to maintain reasonable procedures designed to avoid violations of 15 U.S.C. § 1681b(a), which is a violation of 15 U.S.C. § 1681e(a).

16. To make matters worse, the consumer report regarding Ms. Monfort that Inflection provided to Airbnb contained materially inaccurate and derogatory information, to wit: the report stated that Ms. Monfort had been convicted of a Felony for Battery, Family Violence in Dekalb County, Georgia in case no. 12CR4323.

17. Ms. Monfort has never been convicted of a felony in Dekalb County, Georgia or anywhere else. And, the publicly-available records maintained by the Clerk of the Superior Court of Dekalb County regarding case no. 12CR4323 clearly show that Ms. Monfort did not plead guilty to or was otherwise found guilty of a felony in that case.

18. That inaccuracy was the result of Inflection failing to maintain reasonable procedures to assure the maximum possible accuracy of information in the consumer reports that it prepares, such as procedures to insure the current status and ultimate disposition of a criminal offense is reported, rather than the initial charge. Inflection thereby violated 15 U.S.C. § 1681e(b).

19. Ms. Monfort learned that Inflection had impermissibly provided an inaccurate consumer report regarding her to Airbnb in March 2025.

20. In an effort to correct the inaccurate and derogatory information contained in the consumer report prepared by Inflection, Ms. Monfort exercised

her rights under 15 U.S.C. § 1681i(a) and disputed that information with Inflection (the "Dispute").

21. In her Dispute, which was dated April 8, 2025, Ms. Monfort provided personal identifying information sufficient to allow Inflection to identify her, informed Inflection that she did not plead guilty to or was otherwise convicted of a felony in connection with case no. 12CR4323, but had actually pled to a misdemeanor charge.

22. Inflection received the Dispute on April 12, 2025.

23. Under 15 U.S.C. § 1681i(a), Inflection was required to conduct a reasonable reinvestigation of the Dispute and report the results of its reinvestigation to Ms. Monfort within 30 days.

24. Inflection failed to conduct a reinvestigation of Ms. Monfort's Dispute and, to this day, has failed to inform her of the results of her Dispute in violation of 15 U.S.C. § 1681i(a).

25. As a result of Defendants' violations of the FCRA alleged above, Ms. Monfort has suffered actual damages including an invasion of her privacy and emotional distress including anxiety, insomnia and depression, for which she has sought and obtained medical treatment.

## Count 1 – Violation of 15 U.S.C. § 1681e(b) by Inflection

26. Inflection violated 15 U.S.C. § 1681e(b) by failing to maintain reasonable procedures to assure the maximum possible accuracy of the information regarding Ms. Monfort in the consumer report it provided to Airbnb.

27. Inflection's violation of 15 U.S.C. § 1681e(b) was negligent, or in the alternative, willful.

28. As a proximate result thereof, Ms. Monfort has suffered and is entitled to recover actual damages, as alleged in Paragraph 25 above, in an amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

29. In the alternative and as a result of Inflection's reckless and willful violation of 15 U.S.C. § 1681e(b), Ms. Monfort is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

30. As a result of Inflection's reckless and willful violation of 15 U.S.C. § 1681e(b), Ms. Monfort is entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

31. Ms. Monfort is also entitled to recover the costs of this action and her reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

### Count 2 – Violation of 15 U.S.C. § 1681i(a) by Inflection

32. Inflection violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable reinvestigation of Ms. Monfort's Dispute and/or failing to report the results of its reinvestigation of her Dispute within 30 days of receiving it.

33. Inflection's violation of 15 U.S.C. § 1681i(a) was negligent, or in the alternative, willful.

34. As a proximate result thereof, Ms. Monfort has suffered and is entitled to recover actual damages, as alleged in Paragraph 25 above, in an amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

35. In the alternative and as a result of Inflection's reckless and willful violation of 15 U.S.C. § 1681i(a), Ms. Monfort is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

36. As a result of Inflection's reckless and willful violations of 15 U.S.C. § 1681i(a), Ms. Monfort is entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

37. Ms. Monfort is also entitled to recover the costs of this action and her reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

### Count 3 – Violation of 15 U.S.C. § 1681b(a) by Inflection

38. Inflection negligently or, in the alternative, willfully violated 15 U.S.C. § 1681b(a) by providing Ms. Monfort's consumer report to Airbnb without a permissible purpose.

39. As a proximate result thereof, Ms. Monfort has suffered and is entitled to recover actual damages, as alleged in Paragraph 25 above, in an amount to be proven at trial as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

40. In the alternative and as a result of Inflection's willful violations of 15 U.S.C. § 1681b(a), Ms. Monfort is entitled to recover statutory damages in the amount of $1,000 per violation as allowed by 15 U.S.C. § 1681n(a)(1).

41. As a result of Inflection's willful violations of 15 U.S.C. § 1681b(a), Ms. Monfort is also entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a).

42. Ms. Monfort is also entitled to recover her reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(b).

### Count 4 – Violation of 15 U.S.C. § 1681e(a) by Inflection

43. Inflection negligently or, in the alternative, willfully violated 15 U.S.C. § 1681e(a) by failing to maintain reasonable procedures designed to avoid violations of 15 U.S.C. § 1681b(a), which resulted in Inflection providing Ms. Monfort's consumer report to Airbnb without a permissible purpose.

44. As a proximate result thereof, Ms. Monfort has suffered and is entitled to recover actual damages, as alleged in Paragraph 25 above, in an amount to be proven at trial as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

45. In the alternative and as a result of Inflection's willful violations of 15 U.S.C. § 1681e(a), Ms. Monfort is entitled to recover statutory damages in the amount of $1,000 per violation as allowed by 15 U.S.C. § 1681n(a)(1).

46. As a result of Inflection's willful violations of 15 U.S.C. § 1681e(a), Ms. Monfort is also entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a).

47. Ms. Monfort is also entitled to recover her reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(b).

### Count 5 – Violation of 15 U.S.C. § 1681b(f) by Airbnb

48. Airbnb negligently or, in the alternative, willfully violated 15 U.S.C. § 1681b(f) by obtaining Ms. Monfort's consumer report from Inflection without a permissible purpose.

49. As a proximate result thereof, Ms. Monfort has suffered and is entitled to recover actual damages, as alleged in Paragraph 25 above, in an amount to be proven at trial as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

50. In the alternative and as a result of Airbnb's willful violations of 15 U.S.C. § 1681b(f), Ms. Monfort is entitled to recover statutory damages in the amount of $1,000 per violation as allowed by 15 U.S.C. § 1681n(a)(1).

51. As a result of Airbnb's willful violations of 15 U.S.C. § 1681b(f), Ms. Monfort is also entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a).

52. Ms. Monfort is also entitled to recover her reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(b).

WHEREFORE, Ms. Monfort respectfully prays that the Court:

1. Issue process to the Defendants;

2. Conduct a trial by jury of all claims asserted herein;

3. Enter judgment in favor of Ms. Monfort as consistent with the jury's verdict; and

4. Grant Ms. Monfort such other and further relief as it deems just and necessary.

This 16th day of June, 2025.

| | |
|---|---|
| **McRAE BERTSCHI & COLE LLC**<br>1872 Independence Square, Suite D<br>Dunwoody, Georgia 30338<br><br>*Counsel for Plaintiff* | */s/ Craig E. Bertschi*<br>Craig E. Bertschi<br>Georgia Bar No. 055739<br>ceb@mcraebertschi.com<br>678.999.1102<br><br>Charles J. Cole<br>Georgia Bar No. 176704<br>cjc@mcraebertschi.com<br>678.999.1105 |